UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:16-cv-07649-CAS(SSx) | Date | November 21, 2016 |
|---|---|---|---|
| Title | DANIE CRANE v. ZIP 2 ZIP TRANSFER AND STORAGE INC. ET AL. | | |

Present: The Honorable   **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                    Not Present

**Proceedings:**      (IN CHAMBERS) - DEFENDANT ZIP 2 ZIP TRANSFER AND STORAGE INC.'S MOTION TO DISMISS (Dkt. 7, filed October 21, 2016)

The Court finds this motion appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.  Accordingly, the hearing date of November 28, 2016 is vacated, and the matter is hereby taken under submission.

## I.      INTRODUCTION

On August 29, 2016, plaintiff Danie Crane filed this action in California Superior Court against defendant Zip 2 Zip Transfer and Storage Inc.  Dkt. 1-2 ("Compl").  Plaintiff asserted six claims against defendant: (1) trespass to personal property; (2) conversion; (3) negligence; (4) breach of contract; (5) liability pursuant to 49 U.S.C. § 14706 et seq.; and (6) unfair business practices under the California Business and Professions Code § 17000 et seq.  Id.  The gravamen of plaintiff's complaint is his allegation that defendant lost and damaged plaintiff's household goods when defendant transported plaintiff's goods from California to his new home in New Mexico.  Id. ¶ 6.  Plaintiff alleges that the value of the lost and damages goods amounts to $18,200.  Id.

On October 14, 2016, defendant removed this action to this Court on the basis of federal question jurisdiction.  Dkt. 1.

On October 21, 2016, defendant filed the instant motion to dismiss, requesting that the Court dismiss plaintiff's state law claims as preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §§ 11706, 14706.  Dkt. 7.  On November 7, 2016, defendant filed a notice of non-opposition to its motion.  Dkt. 8.  To date, plaintiff has not opposed defendant's motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | **'O'** |
|---|---|---|---|
| Case No. | 2:16-cv-07649-CAS(SSx) | Date | November 21, 2016 |
| Title | DANIE CRANE v. ZIP 2 ZIP TRANSFER AND STORAGE INC. ET AL. | | |

## II.   LEGAL STANDARDS

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:16-cv-07649-CAS(SSx) | Date | November 21, 2016 |
| Title | DANIE CRANE v. ZIP 2 ZIP TRANSFER AND STORAGE INC. ET AL. |

## III.   DISCUSSION

Congress enacted the Carmack Amendment in 1906 as a response to the diverse state laws addressing liability to shippers for carriers who transported goods across state lines.  See Adams Express Co. v. Croninger, 226 U.S. 491, 505 (1913).  A plaintiff may bring a Carmack Amendment claim in federal court "only if the amount in controversy exceeds $10,000, exclusive of interests and costs."  Hall v. N. Am. Van Lines, Inc., 476 F.3d 683, 686 n.2 (9th Cir. 2007); see 28 U.S.C. § 1337(a).[1]  The scheme of the Amendment is "comprehensive enough to embrace responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation." Georgia, Florida, & Alabama Ry. Co. v. Blish Milling Co., 241 U.S. 190, 196 (1916); see also See New York, New Haven & Hartford R.R. Co. v. Nothnagle, 346 U.S. 128, 131 (1953) ("With the enactment in 1906 of the Carmack Amendment, Congress superseded diverse state laws with a nationally uniform policy governing interstate carriers' liability for property loss.").

Accordingly, the Ninth Circuit has held that "[t]he Carmack Amendment is a federal statute that provides the exclusive cause of action for interstate shipping contract claims, and it completely preempts state law claims alleging delay, loss, failure to deliver and damage to property."  White v. Mayflower Transit, LLC, 543 F.3d 581, 584 (9th Cir. 2008).  In addition, "the Carmack Amendment may constitute an affirmative defense even to state law claims that are not completely pre-empted."  Hall, 476 F.3d at 689.

As a result, in cases in which the plaintiffs alleged shippers lost or damaged plaintiffs' items during interstate moves, the Ninth Circuit has concluded that "[t]he Carmack Amendment bars [a plaintiff's] claims for 'general negligence[,]'"  White, 543 F.3d at 584–85, and "constitutes a complete defense to . . . to fraud and conversion claims arising from a carrier's misrepresentations as to the conditions of delivery or failure to carry out delivery," Hall, 476 F.3d at 689.  In addition, a breach of contract claim is "completely preempted by the Carmack Amendment."  Id. at 688.  "Trespass to property is the unlawful interference with its possession."  Elton v. Anheuser-Busch Beverage Grp., Inc., 50 Cal. App. 4th 1301, 1306 (1996) (quotation marks omitted).  Trespass to property is a species of conversion.  5 Witkin, Summary 10th Torts § 720 (2005) ("The tort of trespass to chattels, dubbed by Prosser the 'little brother of conversion,' allows

---

[1] Plaintiff satisfies this jurisdictional amount because he alleges that the value of his lost and damaged goods amounts to $18,200.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:16-cv-07649-CAS(SSx) | Date | November 21, 2016 |
|---|---|---|---|
| Title | DANIE CRANE v. ZIP 2 ZIP TRANSFER AND STORAGE INC. ET AL. | | |

recovery for interferences with possession of personal property not sufficiently important to be classified as conversion.).  Therefore, the Court finds that the Carmack Amendment constitutes a complete defense to plaintiff's trespass to property claim as it does his conversion claim.  Finally, the Court concludes that plaintiff's claim of unfair business practices is also preempted because it arises from same underlying allegations of the loss and damage to goods shipped in interstate commerce.  See Rini v. United Van Lines, Inc., 104 F.3d 502, 506 (1st Cir. 1997) ("[A]ll state laws that impose liability on carriers *based on the loss or damage of shipped goods* are preempted."); Roberts v. N. Am. Van Lines, Inc., 394 F. Supp. 2d 1174, 1182 (N.D. Cal. 2004) (dismissing plaintiff's claim of unfair business practices because Congress has manifested an intent to occupy the entire field of interstate transportation of household goods).

   Accordingly, each of plaintiff's state law claims—negligence, conversion, breach of contract, trespass to property, and unfair business practices—falls within the preemptive scope of the Carmack Amendment.

## IV.   CONCLUSION

   In accordance with the foregoing, the Court **GRANTS** defendant's motion to dismiss plaintiff's state law claims and **DISMISSES** those claims without prejudice.

   IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |